UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY R. SCHWINGLE and
BONNIE D. SCHWINGLE,

                                          DECISION & ORDER

               Plaintiffs,

                                          20-CV-6766EAW
v.                                        22-CV-6076CJS

UNITED STATES OF AMERICA,

               Defendant.
_____

        Currently pending before the Court is a joint motion filed by the parties to consolidate the above-captioned cases. (20-CV-6766, Docket # 28). Considering the parties' joint request[1] and the advantages of consolidation, the parties' motion is granted.

        On September 27, 2020, plaintiffs filed a complaint against the United States of America alleging claims for medical malpractice and loss of consortium pursuant to the Federal Torts Claims Act, 28 U.S.C. § 1346(b), *et seq.*, arising out of treatment Timothy R. Schwingle received from employees of the United States Department of Veterans Affairs ("VA") between 2016 and 2019. (20-CV-6766, Docket ## 1, 6). On February 1, 2022, plaintiffs filed a complaint against the United States alleging the same claims arising out of treatment Schwingle received from VA employees between 2019 and 2020. (22-CV-6076, Docket # 1). Defendant has filed answers in both cases (20-CV-6766, Docket # 9; 22-CV-6076, Docket # 3).

---

[1] The parties also agree that each action "includes a separate SF 95 form with a separate amount of damages" and "request that the issue of the appropriate amount of damages be reserved for trial without reference to consolidation so as to preserve [p]laintiffs' right to the maximum award allowable under the FTCA." (20-CV-6766, Docket # 28 at 3-4).

The parties seek to consolidate both cases on the grounds that they arise out of the same factual background and involve overlapping allegations against several federal employees. (20-CV-6766, Docket # 28 at 2). According to the parties, fact discovery in the first case, 20-CV-6766, is complete, and the discovery that has been provided in that case is likely to be relevant to the claims and defenses in the later-filed action. (*Id.*).

I agree that consolidation of both cases is justified under Rule 42(a)(2) of the Federal Rules of Civil Procedure. Both cases involve common questions of law and fact, which relate principally to the quality of the medical care defendant's employees provided to Timothy Schwingle. *See* Fed. R. Civ. P. 42(a)(2). Considering the likely substantial factual overlap between the cases and the minimal risk of confusion or prejudice, this Court finds that consolidation will conserve the parties' resources, minimize burden to witnesses, and further judicial economy. *See*, *e.g.*, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.) ("[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation, [although] the discretion to consolidate is not unfettered") (internal citations omitted), *cert. denied*, 498 U.S. 920 (1990); *Richardson v. Michelin N. Am., Inc.*, 1998 WL 329387, *1 (W.D.N.Y. 1998) ("[t]he advantages of consolidation include cost and time savings for the parties, a more efficient use of judicial resources, diminished inconvenience for the witnesses and a reduced or eliminated risk of inconsistent adjudications of common questions of fact and law").

Accordingly, the parties' joint motion for consolidation **(20-CV-6766, Docket # 28)** is hereby **GRANTED**. The Clerk of the Court is directed to consolidate the matters and designate 20-CV-6766 as the lead case. All further filings shall be made under case number 20-CV-6766.

This Order does not waive any rights or limitations provided pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671, *et seq.*

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated:  Rochester, New York
        June 8, 2022